UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Christopher R. Fortin

    v.                            Civil No. 18-cv-636-JL
                                    Opinion No. 2019 DNH 136
U.S. Social Security
Administration, Commissioner


**ORDER ON APPEAL**

Christopher Fortin has appealed the Social Security
Administration's ("SSA") denial of his application for a period
of disability, disability insurance benefits, child's insurance
benefits, and supplemental security income.  An administrative
law judge ("ALJ") at the SSA ruled that although Fortin has
several medically determinable impairments, his impairments are
not severe individually or in combination, and thus he is not
disabled.  See 20 C.F.R. §§ 404.1505(a), 416.905(a).  The
Appeals Council later denied Fortin's request for review, see
id. §§ 404.967, 416.1467, with the result that the ALJ's
decision became the final decision on his application, see id.
§§ 404.981, 416.1481.  Fortin then appealed the decision to this
court, which has jurisdiction under 42 U.S.C. § 405(g) (Social
Security).

Fortin has moved to reverse the decision.  See LR 9.1(b).
The Commissioner of the SSA has cross-moved for an order
affirming the ALJ's decision.  See LR 9.1(c).  After careful

consideration, the court denies Fortin's motion and grants the
Commissioner's motion.

## I.    **<u>Applicable legal standard</u>**

The court limits its review of a final decision of the SSA
"to determining whether the ALJ used the proper legal standards
and found facts upon the proper quantum of evidence." Ward v.
Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  It
"review[s] questions of law de novo, but defer[s] to the
Commissioner's findings of fact, so long as they are supported
by substantial evidence," id., that is, "such relevant evidence
as a reasonable mind might accept as adequate to support a
conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971)
(quotations omitted).  Though the evidence in the record may
support multiple conclusions, the court will still uphold the
ALJ's findings "if a reasonable mind, reviewing the evidence in
the record as a whole, could accept it as adequate to support
his conclusion." Irlanda Ortiz v. Sec'y of Health & Human
Servs., 955 F.2d 765, 769 (1st Cir. 1991).  The court therefore
"must uphold a denial of social security . . . benefits unless
'the [Commissioner] has committed a legal or factual error in
evaluating a particular claim.'" Manso-Pizarro v. Sec'y of
Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per
curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II.  **Background**

The court recounts here only those facts relevant to the
instant appeal.  The parties' more complete recitations in their
Statements of Material Facts[1] are incorporated by reference.  The
ALJ invoked the requisite five-step sequential evaluation
process in assessing Fortin's request for a period of
disability, disability insurance benefits, child's insurance
benefits, and supplemental security income.  See 20 C.F.R.
§§ 404.1520, 416.920.  After determining that Fortin had not
engaged in substantial gainful activity after the earliest
alleged onset of his disability, the ALJ analyzed the severity
of his impairments.  At this second step, the ALJ found that
Fortin had several medically determinable impairments:
personality disorder, hypertension, mild cervical spine
degenerative disc disease, cyst, and foot injury.[2]  But the ALJ
determined that none of these impairments alone or in
combination had significantly limited or was expected to
significantly limit Fortin's ability to perform basic work-
related activities for 12 consecutive months.  Therefore, the
ALJ concluded that Fortin does not have a severe impairment or

---

[1] Documents no. 8, 11.

[2] Admin. R. at 20.

combination of impairments.[3]  Given this step-two finding, the
ALJ concluded his analysis and found that Fortin was not
disabled within the meaning of the Social Security Act.[4]

## III.  <u>Analysis</u>

Fortin challenges the ALJ's decision on four grounds,
arguing that the ALJ erred by:  (1) misinterpreting the date of
a medical evaluation; (2) failing to consider Fortin's
subjective symptoms in determining severity; (3) improperly
weighing medical opinion evidence; and (4) improperly evaluating
Fortin's testimony.  The court addresses each argument in turn.

### A.    Date of Dr. Hess's evaluation

Dr. Elizabeth P. Hess, a state examining psychologist,
evaluated Fortin on March 15, 2016 and issued a report on March
22, 2016.[5]  Each page of the report bears a stamp with the date
November 1, 2012, apparently representing the date on which the
form used for the report was approved by the state.[6]  Fortin's
counsel raised this potential source of confusion with the ALJ
at the hearing and the ALJ indicated that he understood that

---

[3] <u>Id.</u> at 23.

[4] <u>Id.</u> at 28.

[5] <u>Id.</u> at 457.

[6] <u>Id.</u> at 38-39, 453-58.

Dr. Hess's evaluation took place in 2016.[7]  But the ALJ referred to it in his decision to the "November 2012 opinion" of Dr. Hess and gave that opinion little weight in part because he believed it was "remote in time."

The parties agree that the ALJ erred by misinterpreting the date of Dr. Hess's opinion, but dispute whether this error was harmful.[8]  Fortin argues that he was prejudiced because the ALJ might have reached a result favorable to him with a proper understanding of Dr. Hess's opinion.[9]  But the ALJ provided alternative reasons for giving Dr. Hess's opinion little weight, explaining that it "is based on the claimant's subjective symptoms and self-reported medical history" and that he gave greater weight to "Dr. Jackson's more recent evaluation that is based on objective diagnostic testing and observed medical signs."[10]  These reasons echo the analysis of state psychologist Dr. Nicholas Kalfas, who understood the correct date of Dr. Hess's evaluation. Dr. Kalfas gave "more weight . . . to Dr. Jackson's findings" and little weight to "the findings

_____

[7] Id. at 38-39.

[8] See Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 1-2; Mem. of Law in Supp. of Mot. to Affirm (doc. no. 10-1) at 10-11.

[9] Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 2.

[10] Admin R. at 27. Dr. Trina Jackson evaluated Fortin later in 2016.

presented by Dr. Hess . . . as they appear to be biased by the claimant based upon his perception of the setting and persona involved" as evidenced by later interactions.[11]  The ALJ gave Dr. Kalfas's opinion great weight and specifically noted his assessment of the relative weight of the opinions of Dr. Hess and Dr. Jackson.[12]

   The ALJ's error is certainly unfortunate, especially since Fortin's counsel specifically raised the issue at the hearing, but it is also harmless.  The ALJ gave independent reasons besides temporal remoteness for giving Dr. Hess's opinion little weight that are sufficient on their own to support that determination.  See McNelley v. Colvin, No. 15-1871, 2016 WL 2941714 at *1 (1st Cir. Apr. 28, 2016) (finding ALJ's misreading of record harmless after review of entire record); Perez Torres v. Sec'y of Health & Human Servs., 890 F.2d 1251, 1255 (1st Cir. 1989)(same).  It is also clear that the ALJ was guided by Dr. Kalfas's assessment of the psychological opinions, which was not tainted by the error.  The ALJ erred in misinterpreting the date of Dr. Hess's opinion, but the error did not prejudice Fortin.  Remand is not warranted.

---

[11] Id. at 128.

[12] Id. at 25-26.

**B.    Consideration of subjective symptoms**

Fortin argues that the ALJ must not have appropriately

considered his subjective symptoms because Fortin testified that

he receives assistance from state agencies and it might be

inferred that one requiring assistance from such agencies is

incapacitated.[13]    Fortin submitted no evidence beyond his own

testimony regarding his participation in these programs.   And

the standards for participation in these programs may well

differ in important ways from the definition of disability under

the Social Security Act.    At most, Fortin's receipt of

assistance is evidence that might support an alternative

conclusion.   Fortin has not shown that the ALJ's decision is not

supported by substantial evidence, and it is not legal error to

conclude that a recipient of state assistance is not severely

impaired.

**C.    Weight of medical opinion evidence**

Fortin argues that the ALJ improperly weighed the medical

opinions provided by Dr. Donald Catino, who Fortin identifies as

his treating physician, and Dr. Hess.[14]   As discussed supra, the

ALJ gave well-supported reasons for giving Dr. Hess's opinion

little weight.   The ALJ did not ignore Dr. Hess's opinion, but

---

[13] Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 2-3.

[14] Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 3-5.

instead was persuaded by contrary medical opinion.  He did not

suggest that psychological evidence was valueless, but instead

gave greater weight to a different set of psychological

evidence.  The ALJ did not err in assigning Dr. Hess's opinion

little weight.

The ALJ also adequately justified his decision to give

Dr. Catino's evidence little weight.  Dr. Catino "opined that

the claimant cannot work due to neck trauma sustained in

multiple motor vehicle accidents since 1992, and due to

arthritis of the cervical spine, with worsening in the last 12

months."[15]  The ALJ explained that he gave the opinion little

weight because "Dr. Catino did not examine the witness over the

past 12 months, he had not treated the claimant since 1992, and

because the opinion is conclusory and does not identify and

quantify work-related functional limitations."[16]  The ALJ's

assessment appropriately applies the factors used to assess the

opinion of a treating source.  See 20 C.F.R. § 404.1527(c)(2)-

(6).  The record reflects that Dr. Catino examined Fortin twice

in the weeks immediately prior to issuing his opinion letter.[17]

But Dr. Catino was "not familiar" with Fortin's case prior to

---

[15] Admin. R. at 27.

[16] Id.

[17] Id. at 578-80, 585-89, 617.

being asked to opine, did "not know anything about him except his neck pain," and scheduled the second examination because he did not immediately feel comfortable opining that Fortin's condition had "severely deteriorated over the past 12 months."[18] Substantial evidence thus supports the ALJ's assessment that the very limited treating relationship between Dr. Catino and Fortin, among other factors, justified giving limited weight to Dr. Catino's opinion.

D.     **Evaluation of Fortin's testimony**

Finally, Fortin argues that the ALJ failed to properly evaluate Fortin's own testimony.  After citing numerous authorities on the standards by which an ALJ should assess a claimant's subjective testimony, Fortin only directly challenges the ALJ's assessment on the basis that "the jumbled nature and content of Mr. Fortin's testimony would lead even a layperson to believe that he is impaired in accordance with Dr. Hess's opinion."[19]  The ALJ found that Fortin's "statements concerning the intensity, persistence and limiting effects of [Fortin's]

---

[18] Id. at 587-88.  The record arguably leaves open the possibility that Dr. Catino had examined Fortin an additional one or two times before 2017.  See id. at 570, 585-94.  But Dr. Catino clearly did not have a continuous treatment relationship with Fortin throughout the 12 months prior to issuing the opinion letter.

[19] Mem. of Law in Supp. of Mot. to Reverse (doc. no. 7-1) at 6-7.

symptoms are not consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Even if the record might support a different conclusion, Fortin has not developed any argument that the ALJ's finding is not supported by substantial evidence. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

## IV. Conclusion

For these reasons, the Commissioner's motion to affirm[20] is GRANTED and Fortin's motion to reverse the Commissioner's decision[21] is DENIED. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    August 27, 2019

cc:  Brenda M. Golden Hallisey, Esq.
     Jessica Tucker, Esq.

---

[20] Doc. no. 10.

[21] Doc. no. 7.

10